State, Protestant Foster Home Society, Pros., v. Mayor, &c., of Newark.

THE STATE, THE PROTESTANT FOSTER HOME SOCIETY OF
THE CITY OF NEWARK, PROSECUTORS, v. THE MAYOR
AND COMMON COUNCIL OF THE CITY OF NEWARK.

The act incorporating the prosecutors declares that their property shall
not be subject to taxes or assessments: *Held*—that the words taxes or
assessments are not synonymous, and that they exempt the property
from assessments for benefits as well as from taxes for general revenue
for public use.

On error to the Supreme Court.

For report of case, see 6 *Vroom* 157.

For the plaintiffs in error, *H. Young* and *C. Parker.*

For the defendants, *Wm. H. Francis.*

The opinion of the court was delivered by

DODD, J. The Protestant Foster Home Society of the
city of Newark was incorporated by an act approved Febru-
ary 28th, 1849, having for its object to provide for the sup-
port of destitute children of that city, who might be suffering
from the inability, neglect, or death of their parents. It
was empowered to hold real estate, and by the contributions
of benevolent persons, became the owner of a number of
acres in the outskirts of the city. In 1869, two assessments
for benefits were made against these lands, one for opening
Sumner avenue, and the other for curbing and flagging
Second avenue, both amounting to $10,886.82. Payment
was refused, and the assessments were brought by *certioraris*
to the Supreme Court, where their legality was disputed on
the ground that the society's charter enacts that its property
" shall not be subject to taxes or assessments." The judg-
ment of that tribunal affirming the liability, is brought here
by writ or error, and the single question is, are the assess-

ments complained of within the exempting words of the charter?

I think that they are, and while recognizing to its fullest extent the indisputable doctrine relied on by the learned justice in his opinion below, that no person or corporation can be exempted from taxation, except by express words or necessary implication equally strong, I am constrained to admit, that the legislative intent is in this instance too clearly and distinctly expressed to be open to doubt. In interpreting statutes, words must be taken in their plain and natural sense; the sense given to them by approved and general usage. The exempting words here are, "taxes or assessments." In popular acceptation, in legislative enactments and in judicial decisions, these words have a different meaning, apply to different matters and cannot be treated as synonymous terms. This being so, no supposed impolicy of the exemption itself can be available to govern the judicial construction of the words.

In the charter of Newark, under which the assessments were made, the word "taxes" refers exclusively to impositions for general revenue for the public uses of the city, county or state. They are levied on principles not applicable to exactions for special benefits derived from local improvements, which exactions the charter denominates assessments. This is true of the original charter of 1836 and of the revision in 1857.

The distinction in the legal meaning of the words is recognized and acted on in the decided cases in this state where the attempt has been made to obtain exemption from these special assessments, on the ground that they were included within the word "taxes." These cases have been cited to sustain the judgment below, but they go wholly and decisively, I think, to a contrary result. They establish clearly that assessments are not taxes, in the ordinary legislative sense of the words. They so expressly declare. In the case of the *City of Paterson* v. *The Society for Establishing Useful Manufactures*, 4 *Zab.* 385, the expenses of grading and paving a street had been assessed

upon lots owned by the defendants, and such assessments were held by the Supreme Court not to be a tax within the meaning of the defendants' charter, which exempted their property from "all taxes, charges and impositions under the authority of the state." It was said that the words "taxes, charges and impositions" specified in the charter, were manifestly those only for public or general use. The same view was taken in *The State* v. *The City of Newark*, 3 *Dutcher* 185. An assessment for benefits was discriminated from taxes or impositions. In neither case was the word "assessment" employed in the exempting clause of the charter. This recognition by our own courts, of the essential difference between the words "taxes and assessments," as expressive of essentially different things, would seem to be conclusive against holding them, in this case, to be simply identical in meaning. Unless so held, the assessment in this case is plainly illegal.

The distinction between them is fully exhibited in the case of *Emery* v. *San Francisco Gas Co.*, 28 *Cal. Reports* 345, where the above mentioned decisions of this state are cited among others to illustrate and enforce it. The language of the court was as follows: "The different significations of the terms taxes and assessments will be found upon examination, to be well established in the legal language of the several states, and to run through the statutes, and to have been recognized and enforced by the various judicial tribunals of the country, and to have found their way into the constitutions of many of the states." Numerous references are made in the opinion from which this language is taken to justify the correctness of the statements contained in it.

As before remarked, the policy or impolicy of thus exempting property—even that of purely charitable or religious corporations—from payments for benefits, increasing its value to the extent of the assessment, cannot now be considered. It is admitted, that the legislative power to exempt it is clear, and it must be held, that in this case the power has been clearly exerted. If impolitic or wrong, the exemption may

be annulled by the power that created it, but not by the courts.

The judgment below should be reversed and the assessment against the prosecutors set aside.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, SCUD-DER, DODD, GREEN, OGDEN, WALES. 7.

*For affirmance*—BEDLE. 1.

CITED in *State, New Jersey R. R. & T. Co., pros.,* v. *Elizabeth,* 8 *Vr.* 330; *State, Midland R. R. Co., pros.,* v. *Jersey City,* 13 *Vr.* 97; *Stephens' Ex'r* v. *Milnor,* 9 *C. E. Gr.* 358.